UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **JOSHUA MARQUISE BATTLEY** | * | **CIVIL ACTION NO. 09-1185**<br>**SEC. P** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **JUSTIN DIGGS** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

On July 14, 2009, pro se plaintiff Joshua Marquise Battley, proceeding *in forma pauperis*, filed the instant civil rights complaint against Justin Diggs pursuant to 42 U.S.C. § 1983. Service of process was effected against Diggs on January 29, 2010. *See* Process Receipt and Return [doc. # 8].

On April 13, 2010, the court observed that more than 60 days had elapsed since service was effected without defendant having filed an answer. (Notice of Intent to Dismiss [doc. # 10]). The court cautioned plaintiff that if, after 15 days (except for good cause shown), defendant had not filed responsive pleadings, nor been cast by plaintiff for default, then the court would dismiss his case pursuant to Local Rule 41.3W. *Id*. The 15 day period has since lapsed four times over, but plaintiff has not filed any response.

*Law and Analysis*

The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b) (in pertinent part). The Supreme Court has interpreted this

rule as authorizing the district court to dismiss an action *sua sponte*, even without a motion by defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). Furthermore, under local rule,

> [a] civil action may be dismissed by the clerk of court or any judge of this court for lack of prosecution as follows:
>
> A. Where no service of process has been made within 120 days after filing of the complaint;
>
> **B. Where no responsive pleadings have been filed or default has been entered within 60 days after service of process;** or
>
> C. Where a cause has been pending six months without proceedings being taken within such period. This provision shall not apply if the cause is awaiting action by the court.
>
> Prior to issuance of a dismissal, notice shall be sent to the plaintiff, and plaintiff shall be allowed 14 calendar days from mailing of the notice within which to file evidence of good cause for plaintiff's failure to act. If no response is received within the allotted time, the clerk may dismiss the civil action.

LR 41.3W (in pertinent part) (emphasis added).

Here, the court has extended the foregoing procedural safeguards to plaintiff, all to no avail. Accordingly, dismissal is warranted. Fed.R.Civ.P. 41(b); LR 41.3W.

To the extent that the applicable statute of limitations may bar plaintiff from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted

only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted).  In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case.  As discussed above, plaintiff has ignored a court order.  Furthermore, plaintiff is proceeding in forma pauperis and was released from custody not too long ago.  Therefore, it is unlikely that he enjoys sufficient means to fund a lesser, monetary sanction.  Moreover, dismissal of the case may be the least sanction where, as here, there is every indication that plaintiff no longer wishes to pursue his cause of action.  Finally, plaintiff's unrepentant flaunting of court orders[1] reflects his own contumaciouness or "stubborn resistance to authority"[2] which is personally attributable to him as a pro se litigant.[3]

For the foregoing reasons,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of Fed.R.Civ.P. 41(b) and LR41.3W.

---

[1] This report and recommendation itself provides plaintiff with further notice of his non-compliance.

[2] *See Millan, supra*.

[3] While the court is cognizant of plaintiff's *pro se* status, "'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 17th day June 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE